GARLINGTON DIAL AND OTHERS v. G. C. DIAL.

Where the petition alleged that the defendant had possession of property left in trust for the use and benefit of petitioners, but that he refuses to deliver or pay over said property or the profits thereof, and employed the same for his own use and benefit, a good cause of action is disclosed, for which equity will grant relief under a general prayer, although the specific relief prayed for might not be granted.

A trustee cannot generally be required to divest himself of his trust estate in parts only, by several conveyances to different persons having joint interests in it.

Where an estate is left in trust to become the property of the children of particular persons, the trustee cannot be required to vest the legal estate in the

children that have been born, until it be shown that there can be no more children born.

The intention of the testator being lawful must be executed.

Appeal from Harrison. Tried below before Hon. C. A. Frazer.

The facts are stated in the Opinion.

*M. J. Hall*, for appellant. I. The clause in the will constitutes an executed trust : the defendant the trustee, and the plaintiffs the *cestuis que trust*. A trust executed is when the party has given complete directions for settling his estate with perfect limitations ; an executory trust, where the directions are incomplete and are rather minutes or instructions for the settlement. (1 Mad. Ch. 558 ; 2 Story's Equity, 983 ; Neves et al. v. Scott et al. ; 9 Howard U. S. Sup. let. R. 211 ; same case, 13 Howard 273.)

II. A trustee is always compelled to convey when there is no reason why the estate should remain in his hands, or unless the object of creating the trust would be defeated by executing it, or compelling the trustee to convey—as where property is conveyed to a trustee for the benefit of a married woman, and where the rents and profits are to be annually applied by the trustee for her support and maintenance—in such case the trust would be defeated by executing it. Is it so in the case before the Court ? (See Laurens v. Jainey, 1 Spears S. C. Rep. p. 366 ; Posey v. Cook, 1 Hill, 414 ; Dick v. Pitchford, 1 Dev. and Bat. Eq. 480.)

*P. Murrah*, for appellee. I. These parties cannot jointly or severally define their interest, for other children may be born who will have an interest, nor can a Court ascertain or decree the interest of the plaintiffs in the property.

II. To deliver the property to these plaintiffs would endanger the interests of any children that might hereafter be

born and this equity will not do, and it would also deliver to them what they may not own.

III. The trust is a continuing one. There never has been a time since the will was executed, when it could be executed by the delivery of the property to the children in being without endangering the rights of those that might be afterwards born ; nor was such an execution of the trust in the mind of the author of the will.

IV. Where there is a limitation over to other persons the estate will not be taken from the trustee, for he must retain the possession for the benefit of the remaindermen.

The authorities cited all establish this proposition. (Spear's R. Vol. 1, 365.)

V. Where there is an object to be accomplished by the legal estate remaining in the trustee, the Courts will not take it from him.

*C. M. Adams*, also, for appellee.

ROBERTS, J. Appellants are the children of Isaac Dial and his wife, formerly Jane Patton, one of whom, Garlington Dial, is of age, and the others are minors, suing by their next friend Isaac Dial. The object of the suit is to recover certain property alleged to be held in trust for them by Garlington C. Dial, under the will of their grandfather Isaac Dial, who made his will and died in the State of South Carolina ; one clause of which will reads as follows, to-wit : " I give and bequeathe unto Garlington C. Dial in trust for the children of my son Isaac Dial, that he has or may have by Jane Patton, with whom he now lives in the character of a wife, one negro boy named Henry and three hundred dollars in cash, when my estate is divided and the money collected, in full of all my estate." It is alleged that Garlington C. Dial has had possession of said property and the profits thereof since the year

1836, (stating the value, &c.,) and refuses to deliver or pay over said property, or any part of it, to said children or their natural guardian Isaac Dial, although requested so to do, particularly on the 2nd day of February, 1852, and has kept said money and said slave in his possession and employed for his benefit from 1836 up to the bringing of the suit, (June, 1853.) They pray judgment for the negro, his hire, the money and its interest and for general relief.

An amended petition shows that after the commencement of the action another child was born, who was also made a party plaintiff by his next friend Isaac Dial.

The defendant, Garlington C. Dial, excepted generally to the sufficiency of the petition, and pleaded, first, that he has possession of the property and in execution of the trust has from time to time paid to Isaac Dial, for the benefit of his said children, certain sums of money, (stating them fully, &c.,) and secondly, he denies the trust as alleged, claims the negro as his own by an alleged codicil to the will, and admits having received means upon a discretionary trust for the children, which he has been discharging by payment of certain sums of money, from time to time, for the benefit of the children.

Upon the exceptions of defendant the petition was dismissed, which is assigned as error by appellants.

If it be true, as alleged in the petition, that Garlington C. Dial is in possession of the property in trust, and is applying it to his own benefit, the petition does contain a cause of action for which a Court of Equity will grant relief, even under a general prayer, although the specific relief prayed for might not be granted. If it be designed, as it seems to be, to charge him with converting the property to his own use, and claiming and holding it in his own right, in contradistinction to holding it in trust, then the petition places him in the attitude of abusing his trust, which would justify plaintiffs in bringing this suit to establish the trust, and to have a new trustee ap-

pointed, if necessary. (2 Story Eq. Sec. 1287–8 ; 13 Ves. R. 266 ; Hill on Trustees, 274 and cases cited and 280.) The propriety of bringing this suit, if the trust really does exist as alleged in the petition, is manifested by the course taken by defendant in spreading on the record a denial of the trust and a claim of the negro as his own property. This gives point to the allegation of the petition, that he was applying the property to his own benefit. Upon what principle is it that this petition can be holden insufficient ? only on the supposition that Garlington C. Dial is holding the property, not for his own benefit, but in trust for the children that have been, and may yet be, born ; and that until the possibility of further issue is extinct, it is his duty to hold the property for their benefit. This supposition is contradicted by his denial of the trust, as well as by the allegation of the petition. The plea is here referred to because it throws light on the attitude of the parties, and thereby confirms the construction given to the allegation of the petition above referred to, upon which it is sustained, as constituting a good cause of action.

Whatever controversy there may be about the trust, its existence or character, plaintiffs have a right to have settled by a decree. It has been held that the Statute of Limitations may run in favor of a trustee who has repudiated the trust by openly claiming to hold in his own right. One of these children is shown to be an adult, and it may be that he is bound to sue to preserve his contingent interest, his interest being contingent as to the amount only, and not as to his right to some part of the property.

Upon the supposition that Garlington C. Dial is not repudiating the trust, another important question arises upon the construction of the will. Which is, has not these children a right to demand and receive an appropriation of some of this property, or its profits, for their support and education, before the time shall have arrived when the trust property shall be delivered over to the children.

It is laid down that " when the persons entitled to the whole beneficial interest are *in esse* and *sui juris*, it is one of the first duties of the trustee to execute such conveyances of the legal estate as the *cestui que trusts* shall direct." To require this the *cestui que trusts* must have an immediate and absolute equitable interest in the trust estate." A trustee cannot generally be required to divest himself of his trust estate in part only by several conveyances to different persons having joint interest in it.   These rules would tend to establish that, until it was shown that there could be no more children entitled to take, he could not be required to vest the legal estate in the children that have been born. (Hill on Trustees, 393-4-6 ; Dick v. Pitchford et al., 1 Dev. and Bat. Eq. 487 ; Jasper v. Maxwell, 1 Dev. Eq. 261 ; Laurens adm'r v. Jenny et al., 1 Spears R. 366 ; Goodson v. Ellison, 3 Rupell R. 593, (3 Eng. Ch. ;) Carteret v. Carteret, Peese Williams R. 2 Vol. 132 ; Martin and wife v. Poague, 4 B. Monroe 524.)

There is another rule however entering into the consideration of this question, which is inflexible ; that the intention of the testator, being lawful, must be executed.   The property was intended for the benefit of the children.   But when it is to be given to them, and in what manner, might depend upon their number, the amount of the property, the condition of their parents, and other extraneous circumstances, under the light of which the will of the testator should be construed, and the trust administered.   This task will not now be undertaken, as the facts, as now presented, may be entirely changed or modified upon another investigation of the subject in the Court below.

We think the plaintiffs should have amended their petition, as required by the Court below, so as to bring the full merits of the case before the Court, but as there is a cause of action stated, which, if established, would require of the Court, at

the least, the appointment of a new trustee under the general prayer, the judgment dismissing the petition is erroneous.

Judgment reversed and cause remanded.

Reversed and remanded.